[Civ. No. 5565.   First Appellate District, Division Two.—August 26, 1926.]

## ELDON B. WICKHAM, Respondent, v. A. REMPP, Appellant.

[1] PROMISSORY NOTE — CONSIDERATION — ACCORD AND SATISFACTION— —EVIDENCE—FINDINGS.—In an action on a promissory note, findings against defendant on his special defenses of failure of consideration and an accord and satisfaction are proper, where defendant received from the payee of said promissory note cash to the amount thereof to enable defendant to pay his share of an option held for the purchase of a certain ranch and at the same time he executed and delivered said promissory note, and thereafter the parties executed an agreement with a certain corporation whereby the payee of said promissory note promised to cancel and deliver same to defendant when, and only when, said corporation had acquired any portion of the ranch under option or had sold any portion of such property to others, and the undisputed evidence shows that this contingency never arose.

(1) 1 C. J., p. 582, n. 33; 8 C. J., p. 1048, n. 19, p. 1049, n. 25.

APPEAL from a judgment of the Superior Court of Los Angeles County. Ralph H. Clock, Judge. Affirmed.

The facts are stated in the opinion of the court.

L. S. Dadmun for Appellant.

Victor H. Koenig and Koenig & Ramsaur for Respondent.

NOURSE, J.—Plaintiff sued as assignee of a promissory note for two thousand five hundred dollars. Defendant answered admitting the execution of the note but alleging a failure of consideration and an accord and satisfaction. Judgment went for the plaintiff as prayed and defendant appeals on a typewritten transcript.

[1] The only grounds urged on the appeal are that the evidence is insufficient to support the findings adverse to the appellant in his two special defenses. Briefly, the evidence is that the appellant received from respondent's assignors two thousand five hundred dollars in cash to enable

him to pay his share of an option which was held for the purchase of the Cuyamaca ranch and that at the same time he executed and delivered to respondent's assignors the promissory note in suit for the repayment of the money so advanced. Thereafter the parties executed a written agreement with the Cuyamaca Corporation which they, with other parties, had organized, by the terms of which agreement the respondent's assignors promised to cancel and deliver to appellant the note in suit when, and only when, the corporation had acquired from the owner any portion of the property under option or had sold any portion of such property to others. The evidence is undisputed that this contingency never arose.

The trial court, after finding that the foregoing facts were true, concluded that there was neither a failure of consideration for the note nor an accord and satisfaction. The evidence fully sustains the findings of fact and judgment properly followed for the respondent.

Judgment affirmed.

Langdon, P. J., and Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 25, 1926.